Citation Nr: 1730448 
Decision Date: 07/14/17 Archive Date: 08/09/17

DOCKET NO. 11-32 954 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

1. Entitlement to service connection for rheumatoid arthritis, to include as secondary to the service-connected bilateral knee disability.

2. Entitlement to service connection for cataracts, to include as secondary to rheumatoid arthritis.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Service


ATTORNEY FOR THE BOARD

P. Mays, Associate Counsel

INTRODUCTION


The Veteran served on active duty from June 1973 to January 1974.

For good cause shown, namely financial hardship and medical condition, this appeal has been advanced on the Board's docket pursuant to 38 U.S.C.A. §7107(a) (West 2015); 38 C.F.R. §20.900(c) (2016).

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, SC.

In a September 2015 decision, the Board issued a remand of the case to the Appeals Management Center (AMC) for further development.

In a July 2016 decision, the Board denied the Veteran's claim for service connection for rheumatoid arthritis, to include as secondary to the service- connected bilateral knee disability; and cataracts, to include as secondary to rheumatoid arthritis. This decision was appealed to the United States Court of Appeals for Veterans Claims (Court).

In an order dated March 2017, the Court granted the parties' Joint Motion for Remand (JMR), which vacated the July 2016 Board decision as not being consistent with its September 2015 remand instructions. The matter has been returned to the Board for adjudication consistent with the Court's decision.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.




REMAND

In view of the JMR, a new VA examination is needed to allow for evidentiary development, where the RO failed to follow the remand directives of the September 15, 2015 Board decision. It is well settled that a remand by the Court or the Board confers on the Veteran or other claimant, as a matter of law, the right to compliance with the remand orders. See Stegall v. West, 11 Vet. App. 268 (1998). In Stegall, the Court held that, "where...the remand orders of the Board...are not complied with, the Board itself errs in failing to insure compliance." Id. 

A. Rheumatoid Arthritis

The January 2016 VA Medical Opinion (addendum) failed to comply with the remand directives because it did not provide a rationale for its opinion. The Board's directive stated:

a) The examiner should state whether it is at least as likely as not (i.e., a likelihood of 50 percent or greater) that any diagnosed rheumatoid arthritis was incurred in or as a result of active duty service.

b) If the answer to the above question is in the negative, the examiner should state whether it is as least as likely as not (i.e., a likelihood of 50 percent or greater) that any diagnosed rheumatoid arthritis was proximately caused by, due to, or aggravated by (made chronically worse) the Veteran's service[-]connected bilateral knee disability.

The Board also stated, "[r]ationale for all requested opinions shall be provided." See September 2015 Board decision.

In the January 2016 VA Medical Opinion (addendum), the VA examiner opined:

Veteran's service records do not document a chronic on-going treatment or condition for rheumatoid arthritis. He was not diagnosed with rheumatoid arthritis until years after service.
Veteran's medical records do not document that his rheumatoid arthritis is secondary to his knees or was aggravated beyond it's [sic] normal progression by his knees.

This opinion does not explain how the examiner arrived at his conclusion. Given that the examiner does not provide a rationale for his opinion, it does not provide the Board with sufficient information to make an informed decision on the Veteran's claim. "[E]xamination reports are adequate when they sufficiently inform the Board of a medical expert's judgment on a medical question and the essential rationale for that opinion." Monzingo v. Shinseki, 26 Vet. App. 97, 105 (2012). 

In addition to the issue raised by the JMR, it does not appear that the examiner considered the Veteran's lay statements. Notably, the Board does not find the Veteran competent to provide an opinion regarding the etiology of his arthritis, as this question is of the type that the courts have found to be beyond the competence of lay witnesses. However, lay statements may be competent to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of a disability even where not corroborated by contemporaneous medical evidence). 

Here, in an examination in September 1974, the Veteran indicated that he developed severe pain in service because of prolonged standing, sitting, kneeling, and stair climbing. The Veteran indicated that while in training, he did a lot of bending and his legs began to hurt. He alleged this could have caused his knee condition to get "much worse," and "at a faster rate." In his statement in support of claim in May 2010, the Veteran stated that he was assigned to positions which would aggravate "even his good legs." He asserted that he climbed in and out of C-118 aircraft and that he worked on airplane wings for repairs. He claimed that he climbed ladders and steps to fill supply orders and other related duties. He reported in his VA examination in 2011 that he had been treated for arthritis since 1994, and has been taking prednisone orally since that time. The record does not show that the Veteran's lay statements such as those indicated, were considered as to whether or not his in-service activities was the proximate cause of or aggravated his condition beyond its normal progression. Upon remand, the examiner should also consider his statements.

B. Cataracts

Upon review of the January 2016 VA Medical Opinion (addendum), remand is warranted because the examiner provided an inadequate rationale for his opinion. The examiner stated: "The cataract diagnosis is not related to rheumatoid arthritis whether his arthritis is service connected or not." This opinion fails to provide any explanation as to how the examiner arrived at his conclusion. Given such, remand is warranted for an adequate medical opinion. See Monzingo v. Shinseki, 26Vet. App. at 105. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain all unassociated VA medical records. All reasonable attempts should be made to obtain such records, as provided in 38 U.S.C.A.
§ 5103A(b)(2) and 38 C.F.R. § 3.159(e).

2. The examiner who conducted the January 2016 VA examination should be requested to provide an addendum opinion. The examiner should be provided access to VBMS and must specify in the report that these records have been reviewed. If the previous examiner is unavailable, a physician should be requested to provide an addendum opinion. If a physical examination is necessary for the completion of the addendum opinion, an examination should be scheduled. 

With regard to rheumatoid arthritis the examiner should determine:

a. Whether it is at least as likely as not (i.e., a likelihood of 50 percent or greater) that any diagnosed rheumatoid arthritis was incurred in or as a result of active duty service.

b. If the answer to the above question is in the negative, the examiner should state whether it is as least as likely as not (i.e., a likelihood of 50 percent or greater) that ANY DIAGNOSED RHEUMATOID ARTHRITIS WAS PROXIMATELY CAUSED BY, DUE TO, OR AGGRAVATED BY (MADE CHRONICALLY WORSE) BY THE VETERAN'S SERVICE-CONNECTED BILATERAL KNEE DISABILITY.

c. The examiner must consider the Veteran's lay statements regarding onset of symptoms, especially as to those symptoms physically observable to a lay person. In a detailed rationale, the examiner should address the Veteran's lay contentions.


With regard to cataracts:

a. Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's cataract condition is etiologically related to service or a service-connected disability, or his rheumatoid arthritis. SPECIFICALLY ADDRESSING WHETHER IT WAS CAUSED BY, RELATED TO, OR AGGRAVATED BY HIS SERVICE-CONNECTED DISABILITY OR HIS RHEUMATOID ATHRITIS.

The examiner should address Dr. Crosswell's opinion that with respect to cataracts, the Veteran, "has the beginning of nuclear sclerotic cataracts which may be a result of long-term steroid use for his rheumatoid arthritis...[h]is rheumatoid arthritis and chronic steroid use has contributed." 

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against.

3. In formulating the requested opinions, the examiner should note that a lack of medical documentation of in-service treatment or immediate post-service treatment is, standing alone, insufficient to deny the claims. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006).

4. Any opinion expressed by the VA examiner should be accompanied by A COMPLETE RATIONALE AND BASES. If the VA examiner is unable to offer an opinion without resorting to speculation, a thorough explanation as to why an opinion cannot be rendered should be provided. 

5. Then, after completing any additional development needed, the AOJ should readjudicate the issue on appeal. If the benefits sought on appeal are not granted to the Veteran's satisfaction, the AOJ should furnish to him a supplemental statement of the case and afford him and his attorney the requisite opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)



_________________________________________________
YVETTE R. WHITE
Veterans Law Judge, Board of Veterans' Appeals









Department of Veterans Affairs